## MORRIS L. LEOPOLD *et al.*

### *v.*

## EDWIN JUDSON *et al.*

1. LANDLORD AND TENANT — *what will excuse payment of rent.* The law is well settled, that if a tenant is evicted from the demised premises, before the expiration of his term, by his landlord, or any one claiming under or through him, or by one under title paramount to that of the landlord, no recovery can be had for rent accruing after the eviction.

2. SAME — *proceedings that may ripen into an eviction will not be a bar to the collection of rent.* The fact that the landlord has suffered a decree to be taken for the sale of the demised premises in a proceeding to enforce a mechanic's lien, in violation of his contract to defend the suit, upon which the premises may be sold and the tenant evicted, presents no ground for resisting the collection of rents by the landlord.

3. CHANCERY JURISDICTION — *remedy at law.* Where a tenant had assigned his lease, and his assignee incurred liability for improvements upon the demised premises, to enforce which a bill was filed for a mechanic's lien, and to sell the premises in payment, and the landlord contracted with the original tenant, who remained bound for the rents, to defend the suit, which he failed to do, but suffered a decree of sale to pass, it was *held*, on bill in equity by the tenant to enjoin the collection of rent by distress, it appearing that the landlord was solvent, that a court of equity could not take jurisdiction, as the tenant had a complete remedy at law for the recovery of any damages he had or might sustain by the breach of the con-tract to defend.

APPEAL from the Circuit Court of Cook county; the Hon. WILLIAM W. FARWELL, Judge, presiding.

Messrs. GOOKINS & ROBERTS, for the appellants.

Messrs. ELDRIDGE & TOURTELLOTTE, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in chancery, brought by appellants in the circuit court of Cook county, to enjoin appellees from collecting rent due upon a lease, under which appellants had leased certain premises in Chicago from appellee Judson.

The bill alleges, that appellants are co-partners, trading under the firm name of Leopold, Kuh & Co.; that in the month of October, 1871, appellee Judson, being the owner of a certain lot in Chicago, leased it to them for five years from May 1st, 1872, at a rental of $3,000 per annum, payable in monthly installments of $250 at the expiration of each month; that appellants, on the expiration of the lease, have the privilege of extending the term five years, at the rent of $3,500 per annum.

It is also averred in the bill, that appellants, in the year 1872, went into the possession of the premises, and afterward sold and assigned their interest therein to Wichelmen & Smith, who entered into possession, and agreed to pay them rent at the rate of $250 per month; that on the 10th day of December, 1872, John M. Stevens, Richard Duval and William Duval filed in the circuit court of Cook county a petition for a mechanic's lien upon the premises; that appellants Judson and Wichelmen were made defendants therein; that the petition alleged there was due for labor and materials furnished, $1,086.

That the work and materials were not furnished under any contract with appellants; that if the same were furnished, and a lien existed, it was under a contract with Wichelmen, Smith having sold and assigned his interest in the premises to him.

That after the service of summons upon appellants, and before the return day thereof, Judson agreed with appellants, in consideration that they would not retain and employ their usual counsel to defend against the petition, but would unite with him, and allow him to manage the defense, and pay one-half of the expense, he would employ his usual attorney, and defend the suit for appellants and himself, and would be responsible for the due management of the defense.

That Judson neglected to defend against the petition, as he agreed, and on the 27th day of September, 1873, a decree was rendered by confession against appellants and Judson, and the other defendants, in which decree the court found, by the proofs, that the petitioners had, by contract with the owner of the premises, furnished labor and materials, and that they had a valid and first lien upon the premises for $1,215.61, and a sale of the property was ordered on the 30th day of December, 1873, to pay the amount.

That appellants had no knowledge that Judson had failed to interpose a defense to the petition until after the decree had been rendered and the term of court closed.

That, had Judson given due attention to the management of the defense, no decree could or would have been rendered against appellants for the sale of their interest in the premises.

The bill further alleges, that Wichelmen is insolvent; that appellants have paid all rent due Judson, except for the month of January, which accrued after they learned that Judson had failed to defend against the petition, as he had agreed. The rent due they refused to pay until Judson should pay and discharge the lien, and save and preserve appellants' rights in the premises; that Judson has seized certain personal property of appellants by distress warrant, and is proceeding to make the rent due, under such warrant.

The bill prays that Judson be decreed to pay the amount of the decree rendered in the lien case, and that he be enjoined from the recovery of rent, and from prosecuting the suit, or distraint for rent, and for general relief.

The court, on motion of appellees, dissolved the injunction, and dismissed the bill for want of equity, and appellants bring the record here by appeal.

The only question presented by the record is, whether the allegations in appellants' bill, conceding them to be true, are sufficient to give appellants a standing in a court of equity.

It is not pretended that appellee Judson was in any manner

instrumental in creating the indebtedness for which the decree was rendered in the mechanic's lien proceedings; that debt was contracted by the assignee or tenant of appellants. The only complaint made against appellee is, that he entered into a contract with appellants, by which he agreed to defend for them and himself the action brought to enforce the lien, and failed to perform his contract. For this breach of contract it is said a court of equity should interpose and enjoin the collection of rents, until appellee will pay off the decree that may at some future time cause an eviction of appellants' assignee.

The lease between appellants and appellees contains an absolute covenant on the part of appellants to pay the rent at stated periods, with a provision that any assignment or transfer of the lease, or their interest in the property under it, should not, in any manner, relieve them of their obligation to pay the rents.

The law is well settled, that should the tenant be evicted from the demised premises before the expiration of his term, by the landlord, or any one claiming under or through him, or by one under title paramount to that of the landlord, no recovery could be had for rent that would accrue after eviction.

But in the case under consideration no eviction has occurred; appellants have not been disturbed in the possession of the premises, and it is not at all probable, from the allegations of the bill, that they ever will be. The amount of the decree for which a sale of the premises has been ordered is only $1,215.61, while the annual rental value of the property is $3,000; it is possible, but not by any means probable, that appellee would suffer the property to be sold and pass redemption.

But whether appellee would suffer the property to be sacrificed for the small amount of the decree, it is not material, in the present aspect of the case, to conjecture; it will be time enough for appellants to complain when they have been evicted.

It appears that appellee is entirely responsible, and should he suffer the property to be sold on the decree, and the sale ripen into a title, and appellants should be evicted, then, and not till

that event happens, will they be in a position to invoke the aid of a court in their behalf. Aside however from this, it is apparent, from the allegations in complainants' bill, they have a complete remedy at law.

If appellee, for a valid consideration, entered into a contract with appellants by which he agreed to defend for them the petition for a lien upon the premises, and neglected and failed to abide by his contract, and from the breach of the agreement appellants have been damaged, we fail to perceive any reason why appellants cannot, in a court of law, recover all damages sustained.

It is a familiar principle that, where a party has a complete remedy at law, a court of equity will not interfere.

We have carefully examined the authorities cited by the attorneys for appellants, and while we are free to concede the principles therein announced are correct, we fail to see wherein they apply to the facts disclosed by this record.

We are satisfied the decree of the circuit court was correct, and it will be affirmed.

*Decree affirmed.*